UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE:                              )
                                    )
DANNY LEE NELSON and                )    Case No. 09-72651
LISA ANN NELSON,                    )
                                    )
                                    )
                    Debtors.        )

## O P I N I O N

This matter is before this Court on motions filed by the Chapter 7 Trustee (the "Trustee") to disallow three claims filed by the Debtors on behalf of the Internal Revenue Service. The underlying facts are undisputed. Prior to filing their petition for relief under Chapter 7 of the Bankruptcy Code, the Debtors owned and operated a car wash in Hartford City, Indiana, known as the "Hartford City Super Wash" (the "Carwash"). Debtor Danny Nelson was the general partner. The Carwash closed in 2007. The Debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code on June 26, 2009. On Schedule D, the Debtors listed the Internal Revenue Service (the "IRS") as a secured creditor holding a tax lien on their residence in the amount of $14,721.68. Additionally, on Schedule E, the Debtors listed the IRS as holding two priority claims: one for $21,273.37 for their individual income taxes for the years 2004, 2005, 2006 and 2008 (the "personal income taxes"), and the other for $3,347.34 for "941 withholdings for Hardford [sic] City Carwash periods 09/2007, 12/2007" (the "Form 941 withholding taxes").

Subsequently, the Trustee determined there were assets in the case, and on August 18, 2009, a notice setting a claim filing deadline of November 18, 2009, was sent to all creditors listed on the creditor matrix, including the IRS. The IRS filed amended Proof of Claim No. 5-3, claiming a priority of $18,049.26 for the Debtors' personal income taxes for the years 2004 through 2006 and 2008, and a general unsecured penalty claim of $3,223.95.[1]

---

[1] The IRS filed its original claim on November 3, 2009, within the claim bar date set by the Court, and subsequently filed amended claims on July 29, 2010, and May 18, 2011.

After the deadline for filing claims passed, the Debtors filed three additional claims on behalf of the IRS. All three debtor-filed claims related to tax liabilities assessed against the tax identification number assigned to "Hartford City Carwash": amended Claim No. 8-2 for a priority of $1,050.37 for a penalty to file a Form W-2 for the tax year ending December 31, 2006,[2] Claim No. 9 for a priority of $1,404.23 for Form 941 withholding taxes for the fourth quarter of 2006, ending December 31, 2006, and Claim No. 13 for a priority of $950.29 for Form 941 withholding taxes due for the third quarter of 2006, ending on September 30, 2006. Attached to amended Claim No. 8-2 is a "Notice of Intent to Levy" addressed to "Hartford City Carwash, Nelson Danny Gen Ptr." Attached to Claims No. 9-1 and 13-1 are letters from the IRS addressed to "Hartford City Carwash, Nelson Danny, Gen Ptr" giving notice of the past due taxes.

After liquidating estate assets, the Trustee has on hand approximately $99,000 for distribution to creditors. The Trustee has objected to amended Claim No. 8-2, Claim No. 9-1 and Claim No. 13-1 on the grounds that these claims were not properly filed by the Debtors because: (1) under § 501(c) of the Bankruptcy Code, 11 U.S.C. § 501(c),[3] a debtor is only allowed to file a claim for a creditor if the creditor does not timely file a proof of claim, and in this case, the IRS filed its own timely proof of claim, which does not include the tax obligations referenced in the three claims filed by the Debtors; (2) even if the Debtors have a right to file a claim on behalf of the IRS, the Debtors' claims are late-filed claims as they were filed outside the 30-day period prescribed by Federal Rule of Bankruptcy Procedure 3004, FED. R. BANKR. P. 3004,[4] for debtors to file claims on behalf of creditors who do not file timely claims of their own; and (3) distribution should not be

---

[2] The Debtors filed Claim No. 8-1 on March 22, 2010, for $1,050.37 as a priority for "[p]enalty for failure to file Forms W-2 for 12/31/06." No documentation was attached to this claim. The Debtors subsequently filed amended Claim No. 8-2 on October 17, 2011 for the same amount and attached the IRS's notice of intent to levy.

[3] All citations herein to specific section numbers are to the Bankruptcy Code unless otherwise indicated.

[4] All citations herein to specific rule numbers are to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

2

made based upon the claims filed by the Debtors because debtor-filed late claims do not receive the same protection under § 726(a) as creditor-filed late claims.

Alternatively, the Trustee asserts that, should this Court find the Debtors' claims survive the Trustee's initial challenges, the claims should be disallowed in their entirety because they do not establish that the Debtors are liable for the taxes referenced in each of the claims. The Trustee also asserts that Debtors' amended Claim No. 8-2 is not a priority tax claim, but is a late-filed penalty claim. Finally, the Trustee argues that the portions of all three of the debtor-filed IRS claims seeking payment of interest must be disallowed because they lack proof necessary to establish allowable prepetition interest.

In response, the Debtors contend that all three claims filed on behalf of the IRS should be allowed because: (1) the IRS only filed a claim for the Debtors' personal income taxes and has not filed claims for the Form 941 withholding taxes or penalties associated with the Carwash; and (2) Claims 9-1 and 13-1 should be paid by the Trustee because § 726(a)(1) provides for distribution on tardily filed priority claims in a Chapter 7 case as long as the claims are filed before the Trustee commences final distribution of the estate assets, and this section controls the deadline for priority claims, not Rule 3004. The Debtors concede that amended Claim No. 8-2 is a late-filed claim for penalties and is therefore not entitled to priority, but should be allowed as an unsecured penalty claim under § 726(a)(4). The Debtors also assert that they are personally liable for the Form 941 withholding taxes claimed in Claims No. 9-1 and 13-1 because they are "responsible persons" under § 6672 of the Internal Revenue Code, 26 U.S.C. § 6672. Finally, to the extent that the Court finds that Claims No. 9-1 and 13-1 lack proof necessary to establish the amount of the allowable prepetition interest, the Debtors request leave to amend the claims to provide a more detailed itemization of the prepetition interest.

A "claim" is defined in § 101(5) of the Bankruptcy Code as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured, or unsecured.

11 U.S.C. § 101(5).

Section 501 provides for the filing of proofs of claims by creditors. Section 501(c) provides: "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The legislative history notes that:

> The purpose of this subsection is mainly to protect the debtor if the dilatory creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or in full in the case or under the plan.

Rule 3004 elaborates and provides the time limits under which a debtor may file a claim on behalf of a creditor:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

Finally, § 502(b)(9) provides that a tardily filed claim shall be disallowed if an objection to the proof of claim is filed, except to the extent that a holder of a tardily filed claim is entitled to distribution from estate assets in a Chapter 7 case under §§ 726(a)(1), (2), or (3).

The Trustee first asserts that the Debtors' claims should be disallowed because the IRS filed its own timely proof of claim on November 2, 2009, and under § 501(c), a debtor may only file a claim on behalf of a creditor *if* the creditor does not timely file a proof of claim. Focusing on the

4

language in § 501(c) that states "[i]f a creditor does not file a proof of claim," the Trustee argues that because the IRS itself did file a proof of claim in the case, the Debtors have no right to file any claims on behalf of the IRS. The Trustee also cites the notation in the Advisory Committee Note to Rule 3004, which states that, "[t]he authority to file is conditioned on the creditor's failure to file a proof of claim . . . ." According to the Trustee, if the debtor-filed IRS claims were allowed, the bankruptcy estate would be required to pay the IRS amounts it has never claimed are due to it nor sought from the bankruptcy estate. The Trustee points out that the IRS had timely notice of the Debtors' bankruptcy case, and it also had notice that one or both of the Debtors' § 941 withholding tax liability related to their interest in the Carwash.

The Debtors respond that the IRS did not file a proof of claim for the Form 941 withholding taxes owed by the Carwash, but only filed a proof of claim for the Debtors' personal income taxes. Therefore, according to the Debtors, because the IRS never filed a claim for the Form 941 withholding taxes, they may file the claims for the Form 941 withholding taxes on behalf of the IRS under § 501(c). The Debtors also assert that they are "responsible persons" under 26 U.S.C. § 6672 as to the Form 941 withholding taxes because they are the owners of the Carwash and Danny was the general partner and, as such, they are personally liable for its unpaid taxes. The Debtors ask this Court to specifically find that they are "responsible persons" for the payment of the Form 941 withholding taxes.

The undisputed facts show that the IRS timely filed a proof of claim, Claim No. 5-2, for the Debtors' personal income tax liability only. The IRS did not include in its proof of claim any amounts for the Form 941 withholding taxes and penalties assessed against the Carwash.

The Trustee did not cite any cases dealing specifically with whether a debtor may file a claim on behalf of a taxing authority if the taxing authority has already filed a proof of claim in the case

for a different type of tax liability, nor was this Court able to find any such cases. However, cases dealing with amendments to tax claims in the Chapter 13 context are instructive. Generally, while a proof of claim asserting a tax liability may be amended after the claim filing deadline where the amended proof of claim concerns the same type of tax, an attempt by a taxing authority to add a new type of tax by amendment after the bar date has passed is generally disallowed. *See In re Hanscom Retail Foods, Inc.*, 96 B.R. 33 (Bankr.E.D.Pa. 1988). In other words, relation back to the original proof of claim will not be allowed over objection if the proposed amendment is made after the claim bar date has passed and states a new claim not previously asserted. *See In re MK Lombard Group I, Ltd.*, 301 B.R. 812, 816, 819 (Bankr.E.D.Pa. 2003).

Personal income taxes and Form 941 withholding taxes have been found to be completely dissimilar types of taxes as they differ with respect to who is taxed, the manner in which the tax is calculated, and the theory underlying the imposition of the tax. *See In re Osborne*, 159 B.R. 570 (Bankr.C.D.Cal.1993), *aff'd*, 167 B.R. 698 (9th Cir.BAP 1994), *aff'd*, 76 F.3d 306 (9th Cir. 1996). In *Osborne*, the IRS had timely filed a proof of claim for the debtors' personal income taxes for the tax years 1985 through 1989. Then, after the claim bar date had passed, the IRS filed supplemental claims which added an additional claim for personal income taxes for the year 1990 and an additional claim for federal payroll taxes. The debtors objected both to the addition of the personal income taxes for the year 1990 and to the inclusion of the federal payroll taxes, arguing that, among other things, the IRS had not included these tax claims in its timely filed proof of claim.

In determining whether the IRS's amended claim should be allowed, the bankruptcy court noted that "the debtor's liability for income taxes arises under § 1 [imposing income tax on individuals] (or [§] 11) [imposing income tax on corporations] of the Internal Revenue Code," and

the tax is imposed on the taxpayer's income. *Id.* at 576 (citing *Commissioner v. Glenshaw Glass Co.* 348 U.S. 426, 75 S.Ct. 473, 477, 99 L.Ed. 483 (1955)). The bankruptcy court continued:

> In contrast, liability for withholding taxes arises under § 6672 of the Internal Revenue Code. Section 6672 imposes liability on any entity charged with the responsibility of collecting a tax owed by a third party. The withholding amount is calculated based on the wages of the employee taxpayer, subject to various adjustments contained § 3402. Thus, the employee is the taxpayer, the employer has a duty to collect and remit. Liability arises only for failure to remit amounts that should be withheld.

*Id.* The bankruptcy court noted that FUTA and FICA taxes are also different in kind from income taxes, because liability for the employer's portion of FUTA and FICA taxes arises under §§ 3301 and 3111(a) of the Internal Revenue Code, and such taxes are excise taxes on wages paid. *Id.* Finally, the bankruptcy court observed that the IRS records income taxes under an individual's social security number, but records payroll taxes under an Employee Identification Number ("EIN"), and requires different forms when filing returns for the different types of taxes. *Id.* Based on the above differences, the bankruptcy court concluded that there is no reasonable relation between different types of taxes, although a reasonable relation does exist between income taxes for different years. *Id.* Accordingly, the bankruptcy court allowed that portion of the late-filed amended claim that represented general 1040 income tax liabilities as relating back to the prior timely filed claim for 1040 income taxes, but disallowed as untimely filed that portion of the amended claim representing unpaid federal payroll taxes.[5] *Id.* at 581; *accord In re Miller*, 90 B.R. 317 (Bankr.E.D.Tenn. 1988) (in a Chapter 13 case, disallowing an IRS amendment adding a 100% penalty for failure to pay

---

[5] There is a split of authority regarding whether an amended proof of claim adding a tax liability for additional years or quarters relates back to a timely filed claim that does not include such tax year or quarter. *In re Sage-Dey, Inc.*, 170 B.R. 46, 49 (Bankr.N.D.N.Y. 1994). The Seventh Circuit Court of Appeals has held that an amendment to a proof of claim filed by the IRS adding a tax year that was not the subject of the original, timely filed proof of claim should be disallowed. *Matter of Stavriotis*, 977 F.2d 1202, 1206-07 (7th Cir. 1992); *Matter of Unroe*, 937 F.2d 346, 349 (7th Cir. 1991) (stating "[s]eparate years imply separate tax claims under Bankr.R. 7015").

employment taxes to a proof of claim originally filed for personal income taxes); *In re Simms*, 40 B.R. 186 (Bankr.N.D.Ga. 1984) (in a Chapter 13 case concluding that supplemental claim listing federal individual income tax for different years than asserted in the timely filed claim related back to the original claim, but disallowing an untimely IRS claim asserting a 100% penalty for nonpayment of federal withholding taxes, concluding that the timely filed claim for the debtor's individual federal income tax liability "evinced no intent to hold the [d]ebtors liable for the penalty assessed against a defunct corporation for federal employment and withholding taxes").

In the instant case, because the IRS did not include any claim for the Form 941 withholding taxes in its proof of claim for Debtors' personal income taxes, the IRS would not be allowed to amend its proof of claim after the expiration of the claim bar date to include any § 941 withholding taxes because the Form 941 withholding taxes are a different type of tax and cannot relate back to the timely-filed claim. Given this fact, the Trustee's argument that the debtor-filed claims for the Form 941 withholding taxes must be disallowed because the IRS filed its own claim for the Debtors' personal income taxes is without merit. It is clear from the proof of claim filed by the IRS that it did not file its own claim for the Form 941 taxes, but only filed a claim for the Debtors' personal income taxes. Accordingly, the Debtors are not barred from filing a claim on behalf of the IRS for the Form 941 withholding taxes on the ground that the IRS filed its own proof of claim.

The Trustee next asserts that the three IRS claims filed by the Debtors should be disallowed because they were not timely under Rule 3004. As noted above, Rule 3004 provides that a debtor may file a proof of claim for a creditor within 30 days after the expiration of the claim bar date. Here, a claim filing deadline of November 18, 2009 was established by the Court. However, the three Debtor-filed claims were filed between March 22, 2010 and July 14, 2011, clearly outside the 30-day deadline of December 18, 2009 for debtor-filed claims imposed by Rule 3004. The Trustee

relies on *Matter of Danielson*, 981 F.2d 296, 298 (7th Cir. 1992), in which the Seventh Circuit Court of Appeals affirmed the bankruptcy and district courts' holdings denying a debtor's motion to file a claim on behalf of the IRS as untimely under Rule 3004, rejecting the debtor's arguments that Rule 3004 is inconsistent with § 501(c), that his failure to timely file the claim was due to excusable neglect, and that under § 105 the bankruptcy court had the equitable discretion to enlarge the time prescribed by Rule 3004 and to permit a late filing.[6]

The Debtors do not dispute that the claims they filed on behalf of the IRS were not timely filed. However, the Debtors assert that despite being untimely filed, Claim Nos. 9-1 and 13-1 are entitled to payment under § 726(a)(1)(B) because they are priority claims that were filed before the Trustee commenced the final distribution. The Debtors concede that Claim No. 8-2 is a late-filed unsecured claim for tax penalties and is therefore not entitled to priority status, but they assert that it should be allowed under § 726(a)(4) as a late-filed unsecured claim.[7] The Trustee responds that § 726(a)(1)(B) only applies to late claims filed by creditors, and not to late claims filed by debtors on behalf of creditors.

This Court will first address the parties' contentions relating to Claim Nos. 9-1 and 13-1. Section 726 governs the priority and order of distribution in Chapter 7 cases, and provides for distribution on late-filed claims to the extent assets exist. Specifically, the relevant portions of § 726 provide:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed–

---

[6] This Court notes that *Danielson* was decided on December 9, 1992, before § 502(b)(9) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994. As noted earlier in this Opinion, under § 502(b)(9), a tardily filed claim must be disallowed if an objection to the proof of claim is filed, except to the extent that a holder of a tardily filed claim is entitled to distribution on the claim under § 726(a)(1), (2), or (3). Because this case is one filed under Chapter 7, the Debtors are correct that even late-filed claims may participate in distribution if the estate assets are sufficient.

[7] Under § 726(a)(4), such a late-filed unsecured claim (if filed by the creditor) would receive payment in a Chapter 7 after payment of priority claims, timely-filed unsecured claims, and tardily filed unsecured claims where the creditor did not have notice of the bankruptcy case.

>    (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title [order of priority claims], proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of–
>
>    >    (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
>    >
>    >    (B) the date on which the trustee commences final distribution under this section;
>
>    (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is–
>
>    >    (A) timely filed under section 501(a) of this title;
>    >
>    >    (B) timely filed under section 501(b) or 501(c) of this title; or
>    >
>    >    (C) tardily filed under section 501(a) of this title, if–
>    >
>    >    >    (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>    >    >
>    >    >    (ii) proof of such claim is filed in time to permit payment of such claim;
>
>    (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection . . . .

Section 726(a)(1) provides that claims specified under § 507, including child support claims and tax claims, should be paid first, before general unsecured claims, if a proof of the claim is filed under § 501 before the trustee commences final distribution. Section 726(a)(2) provides second priority for payment of general unsecured claims timely filed by creditors, timely filed by others to which the creditor is liable or timely filed by debtors, and to those claims tardily filed by creditors who did not have notice or actual knowledge of the bankruptcy case in time to timely file a proof of

claim. Section 726(a)(3) provides for third priority payment of general unsecured claims tardily filed by creditors, other than those filed late because the creditor did not have notice or actual knowledge of the bankruptcy case.

The Trustee argues that debtor late-filed claims or trustee late-filed claims on behalf of creditors do not receive the same protection given to creditor late-filed claims in a Chapter 7 case. *See, e.g., In re Martin*, 2011 WL 1102758 (Bankr.D.Idaho 2011) (most courts hold that tardy debtor- or trustee-filed claims will not share in distributions); *In re Davis*, 430 B.R. 62 (Bankr. W.D.N.Y. 2010).

The Debtors counter that the Trustee's cases address distribution of *non-priority* unsecured claims tardily filed by a debtor or a trustee under §§ 726(a)(2)(C) and (a)(3), not tardily filed *priority* unsecured claims filed by a debtor. The Debtors assert that distribution of non-priority unsecured claims is controlled by different subsections of § 726, specifically §§ 726(a)(2)(c) and (a)(3). According to the Debtors, the plain language of these sections specifically reference claims filed under § 501(a) (providing for proofs of claim filed by creditors), but omit any reference to claims filed under § 501(c) (providing for proofs of claim filed by a debtor or trustee). Thus, the Debtor agrees with the Trustee that, under the plain language of §§ 726(a)(2)(C) and (a)(3), tardily filed non-priority claims filed by a debtor or a trustee do not enjoy the same protection as tardily filed non-priority claims filed by a creditor.

The Debtors then point out that § 726(a)(1), the subsection that provides for distribution on priority unsecured claims, references only claims "timely filed under section 501 of this title or tardily filed," thus making no distinction between § 501(a) (creditor filed claims) and § 501(c) (debtor filed claims). The Debtors argue that under the language of § 726(a)(1), whether a claim is entitled to distribution is determined by whether the claim is entitled to priority, not by which party filed the

11

proof of claim form. The Debtors further argue that if Congress intended the § 726(a)(1) exception to apply only to claims filed by creditors, it could have done so by limiting the language to "claims filed under § 501(a) as it did in §§ 726(a)(2)(C) and (a)(3). Thus, the specific question raised is whether a *debtor-filed* priority tax claim, although not timely filed under Rule 3004, is nevertheless still entitled to be paid first in precedence under § 726(a)(1)?

This Court could find no cases construing § 726(a)(1) in the context of untimely debtor-filed priority claims. As the Debtors correctly point out, most of the cases cited by the Trustee are cases holding that late-filed general unsecured claims filed by a debtor on behalf of a creditor are not entitled to distribution. In reaching this conclusion, the courts note the specific reference to tardily filed claims under § 501(a) (creditor filed claims) in §§726(a)(2)(C) and (a)(3), and have interpreted the omission of any reference to § 501(c) (allowing for debtor-filed claims) as a prohibition on the payment of tardily filed general unsecured claims filed by a debtor or trustee on behalf of a creditor. Thus, the general rule is that tardy debtor-filed general unsecured claims do not share in distribution.

However, as the Debtors also point out, the language of § 726(a)(1) is different from that of §§ 726(a)(2)(C) and (a)(3). Section 726(a)(1) refers only to proofs of claim "timely filed under section 501 of this title or tardily filed"; unlike the other subsections of § 726, § 726(a)(1) does not specify only § 501(a).[8] Thus, the Debtors are correct that the plain language of § 726(a)(1) does not on its face make any distinction between tardily filed priority claims filed by a creditor under § 501 (a) or by a debtor or trustee under § 501(c), as do §§ 726(a)(2)(C) and (a)(3), which are very specific in referring to only § 501(a) (creditor filed claims). Accordingly, based on the plain language of § 726(a)(1), this Court concludes that a tardily filed priority claim is entitled to distribution as a

---

[8] Section 726(a)(1) was amended in 1994 to permit payment of late-filed priority claims if such claim is filed prior to the date on which the trustee commences distribution.

priority claim under § 726(a)(1) regardless of whether it is filed by a creditor or a debtor on behalf of the creditor.

Having concluded that the Debtors were entitled to file Claims 9-1 and 13-1 on behalf of the IRS, and that such claims are entitled to distribution as priority claims under § 726(a)(1), this Court will now turn to the Trustee's remaining arguments, which relate to deficiencies in the proofs of claim filed by the Debtors. First, the Trustee asserts that Claim No. 8-2, Claim No. 9-1 and Claim No. 13-1 do not establish that the Debtors are liable for the debts referenced in each of the three claims, but rather that the documentation shows that the Carwash is the entity liable for the § 941 withholding taxes. Specifically, the Trustee asserts that the claims do not establish that the debts are for trust fund taxes for which either Debtor is a responsible officer, nor do they establish that any portion of the debts will be assessed against either one or both Debtors in the future. The Debtors respond that they were owners of the Carwash and that Danny was the general partner, and as such, the Debtors fall squarely into the definition of "responsible persons" within the meaning of 26 U.S.C. § 6672.

26 U.S.C. § 6672(a) provides in pertinent part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The Debtors cite *In re Clements*, 107 B.R. 767, 770 (Bank. D. Wyo. 1989) for the proposition that any corporate officer or employee with the power and authority to avoid default or to direct the payment of taxes is a "responsible person" within the meaning of 26 U.S.C. § 6672. Also, a person who is a director, indirect owner, and treasurer is presumed to be a "responsible person." *Id.* Thus,

13

to the extent that the IRS has not yet established that the Debtors are personally liable for the withholding taxes for the Carwash in Claim No. 9-1 and 13-1, the Debtors ask this Court to find that the Debtors, as general owners and general partner of the Carwash, are "responsible persons" within the meaning of 26 U.S.C. § 6672 and are thereby liable for the unpaid withholding taxes for the Carwash.

Although the Trustee is correct that nothing in the record shows that the IRS has assessed the § 941 taxes against the Debtors personally, the Trustee does not dispute the fact that the Debtors were owners of the Carwash or that Danny was a general partner in the business. As such, under the case law, the Debtors fit within the definition of "responsible persons" under 26 U.S.C. § 6672. Moreover, the Debtors have conceded they are "responsible persons" in the context of 26 U.S.C. § 6672, and it would therefore follow that they would be liable for the unpaid § 941 withholding taxes. This Court concludes that the Debtors are liable for the § 941 withholding taxes.

The Trustee next asserts that amended Claim No. 8-2 is not a priority claim, but is a late-filed penalty claim, and to the extent that amended Claim No. 8-2 survives all of the Trustee's other objections, amended Claim No. 8-2 should be disallowed as a priority and only be allowed as a penalty claim under § 726(a)(4). As noted above, the Debtors have conceded that amended Claim No. 8-2 is not entitled to priority status, but should be paid as a late-filed penalty claim. Thus, it appears the parties are in agreement as to how amended Claim No. 8-2 should be treated.

Finally, the Trustee asserts that the three claims filed by the Debtors lack the proof necessary to establish allowable prepetition interest, and therefore the portions of the claims seeking payment of interest must be disallowed. Specifically, the Trustee asserts that the claims appear to seek interest accruing up to the date of the attached notices, which would include a postpetition portion. The Debtors respond that, to the extent that Claim Nos. 9-1 and 13-1 lack the proof necessary to

14

establish allowable prepetition interest, the attached notice segregates the total amount owed between the "unpaid balance" and "interest" and if this is not sufficient, the Debtors request leave to amend Claim Nos. 9-1 and 13-1 to provide a more detailed itemization of the prepetition interest. Accordingly, this Court grants the Debtors time to amend Claim Nos. 9-1 and 13-1 to provide additional information relating to the itemization of that portion of the interest that accrued before the Debtors filed their bankruptcy petition.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. See Order entered this day.

Dated: June 25, 2012.

William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE